USDC SCAN INDEX SHEET











DE LA CRUZ


SAN DIEGO CITY OF



CAG   2/4/98   10:44
3:97-CV-00111
*20*
*STMT.*

1   PILLSBURY MADISON & SUTRO LLP
    DAVID E. KLEINFELD  #110734
2   BARRY J. TUCKER  #164163
    101 West Broadway, Suite 1800
3   San Diego, CA 92101
    Telephone:  (619) 234-5000

4

      Attorneys for Plaintiffs
5   ESTEBAN AREVALO DE LA CRUZ, SILVIA LORENA
    DE LEON, KARLA FABIOLA AREVALO DE LEON,
6   HEYDI VERONICA AREVALO DE LEON, JOSSELINE
    LORENA AREVALO DE LEON, BYRON AREVALO,
7   PROSPERO GUILLERMO DUBON AREVALO, AND
    JUAN FRANCISCO GOMEZ VELASQUEZ

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11   _____

                        )
12   ESTEBAN AREVALO DE LA CRUZ; SILVIA )  No. 97-0111J (POR)
    LORENA DE LEON; KARLA FABIOLA    )
13   AREVALO DE LEON, a minor, by    )  _JOINT STATEMENT OF_
    ESTEBAN AREVALO DE LA CRUZ and    )  _DISPUTED DISCOVERY ISSUES_
14   SILVIA LORENA DE LEON, her      )
    guardians; HEYDI VERONICA AREVALO )  Honorable Louisa S. Porter
15   DE LEON, a minor, by ESTEBAN    )  Courtroom H
    AREVALO DE LA CRUZ and SILVIA    )
16   LORENA DE LEON, her guardians;    )
    JOSSELINE LORENA AREVALO DE LEON, )
17   a minor, by ESTEBAN AREVALO      )
    DE LA CRUZ and SILVIA LORENA    )
18   DE LEON, her guardians; BYRON    )
    AREVALO; PROSPERO GUILLERMO DUBON )
19   AREVALO; and JUAN FRANCISCO GOMEZ )
    VELASQUEZ;                    )
20                            )
                  Plaintiffs,  )
21                            )
      vs.                       )
22                            )
    CITY OF SAN DIEGO; ROBERT FINCH;  )
23   ROBERT NICKLO; SHELLEY ZIMMERMAN; )
    ELIJAH ZUNIGA; MICHAEL BROGDON;  )
24   and DOES 1-20, INCLUSIVE;      )
                           )
25                   Defendants.  )
                           )
26   _____)

27

28

21130047

1  I.    INTRODUCTION

2         Pursuant to Plaintiffs' request for a discovery

3  conference, the parties hereby submit the following

4  statement detailing the specific discovery issues which

5  could not be resolved after the parties met and conferred.

6         The foregoing Joint Statement of Disputed Discovery

7  issues sets forth the following:

8         1.    The nature of the discovery request or dispute;

9         2.    Plaintiffs' factual and legal basis for the

10               discovery request;

11        3.    Defendants' statement in response; and

12        4.    A meet and confer statement as to the disputed

13               issues.

14  II.   DISCOVERY DISPUTE NO. 1:

15        Plaintiffs request the internal affairs investigation

16  documents and reports (including the tape recorded

17  interviews of the Defendants) and the personnel files of the

18  following Defendant officers: Michael Brogdon; Robert Finch;

19  Robert Nicklo; Shelly Zimmerman; and Elijah Zuniga.

20  Specifically, in addition to the internal affairs materials

21  related to the incident, Plaintiffs are seeking the

22  following personnel documents: internal affairs incident

23  reports; performance reviews; employee performance reports;

24  employee evaluations; personnel history statements; and

25  notice of reprimands on the above named Defendant officers.

26  See Plaintiffs' letter and Addendum, dated November 12,

27  1997, requesting production of specific personnel records of

28  Defendant Police Officers, attached hereto as Exhibit 1;

1 Plaintiffs' August 25, 1997 letter detailing the scope of

2 the requested information, attached hereto as Exhibit 2.

3 Plaintiffs <u>are not</u> seeking every piece of paper which

4 chronicles the careers of the above mentioned officers.  The

5 important documents are those which relate to the officers'

6 job performance in this and other incidents, the City's

7 discipline procedures and prior claims of misconduct.

8 III. <u>PLAINTIFFS' FACTUAL AND LEGAL BASIS FOR DISCOVERY</u>

9    <u>REQUEST</u>:

10    This is an illegal search, excessive force and unlawful

11 detainment case brought pursuant to 42 U.S.C. Section 1983

12 and California law against the San Diego Police Department

13 and five of its officers.  Plaintiffs also allege negligent

14 hiring, training, retention, supervision, and unlawful

15 policy, custom or practice against the City of San Diego

16 ("City") pursuant to <u>Monell v. New York City Dept. of Social</u>

17 <u>Services</u>, 436 U.S. 658 (1978).

18    Plaintiffs have requested that the City produce the

19 above requested documents listed in Exhibit 1 and 2.  The

20 City contends that it is prohibited from voluntarily

21 providing copies of the requested documents.  <u>See</u> letter

22 from Francis M. Devaney to Barry J. Tucker, dated November

23 21, 1997 (denying Plaintiffs' request for subject police

24 files), attached hereto as Exhibit 3.  Thus, Plaintiffs

25 timely submit a Joint Statement of Disputed Discovery Issues

26 ("Joint Statement") to resolve this discovery dispute.

27    Plaintiffs rely on <u>Hampton v. City of San Diego</u>, 147

28 F.R.D. 227, 231 (S.D. Cal. 1993), as the correct procedure

1 for preparing the Joint Statement.  In Hampton, this Court

2 articulated the following specific requirements of a Joint

3 Statement: (1) describe the relevance of the information

4 sought; (2) identify the interests of the plaintiffs which

5 would be harmed if the material were not disclosed; (3)

6 specify how that harm would occur and how extensive it would

7 be; and (4) explain why it would be impossible or

8 impracticable to acquire the information through alternative

9 means.  Id. at 231.  Plaintiffs address each element in

10 turn.

11     1.   Relevance.

12     Plaintiffs' discovery request for the performance

13 reviews, records and internal investigation reports set

14 forth in Exhibit 1 and 2 is relevant because it has a

15 "tendency to make the existence of any fact that is of

16 consequence to the determination of the action more or less

17 probable than it would be without the evidence."  Fed. R.

18 Evid. Rule 401.  See also Fed. R. Civ. Proc. 26(b)(1)

19 (parties may obtain discovery regarding any matter, not

20 privileged, which is relevant to the subject matter of the

21 pending litigation).

22     Here, Plaintiffs assert that Defendants used excessive

23 and unnecessary force to accomplish an unjustified and

24 illegal search of Plaintiffs' home.  Thus, evidence of

25 Defendant officers' performance reviews, employee reports

26 and the current and previous internal affairs investigations

27 may establish a pattern of illegal searches, unlawful

28 detainments, excessive violence, behavior problems or

1   training deficiencies which would be admissible at trial.

2   <u>See</u> Fed R. Evid. 404(b)(2)(evidence of other wrongs or acts

3   may be admissible to show motive, opportunity, intent,

4   preparation, plan, knowledge or absence of mistake). <u>See</u>

5   <u>also</u> <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610-11 (N.D.

6   Cal. 1995)(the question of relevancy should be construed

7   liberally and with common sense). Thus, the requested

8   records and previous complaint reports are relevant to the

9   present litigation and are reasonably calculated to lead to

10   the discovery of admissible evidence.

11       2.   <u>Plaintiffs' interests in the subject material</u>.

12       Plaintiffs have a strong and legitimate interest in

13   vindicating their rights and seeking justice for the

14   unwarranted pain and suffering inflicted upon them by

15   Defendants. Plaintiffs discovery requests are narrowly

16   tailored to obtain discoverable information which may help

17   establish Plaintiffs' civil rights claims. Plaintiffs are

18   not simply looking for "dirt" on the Defendant officers or

19   conducting an unwarranted "fishing expedition." Rather,

20   Plaintiffs have a legitimate interest in obtaining discovery

21   of the requested information listed in Exhibit 1 and 2 in

22   order to effectively prepare their case against the City.

23       3.   <u>The extent of harm to Plaintiffs if the documents</u>

24            <u>were not disclosed</u>.

25       Plaintiffs are seeking to establish that Defendants

26   acted maliciously and/or negligently in conducting their

27   investigation and subsequently obtaining and executing a

28   search warrant upon Plaintiffs. Plaintiffs would be

1  prejudiced severely if denied the opportunity to discover

2  the documents at issue.  The documents may be the only

3  source to show the negligent hiring and/or training of

4  Defendants.  Further, the documents may help establish that

5  the City knew or should have known of past misconduct of

6  certain individual officers and failed to take adequate

7  remedial measures which could have prevented the harm

8  suffered by Plaintiffs in this incident.  Finally, the

9  requested documents may establish that the individual

10  officers displayed a pattern or history of violent or

11  otherwise improper behavior in similar arrest situations.

12      4.    <u>Plaintiffs' inability to acquire the information</u>

13              <u>through alternative means</u>.

14      Plaintiffs are seeking police reports, personnel files

15  and internal affairs records of the Defendant officers which

16  are exclusively within the City's possession.  Plaintiffs

17  simply have no other means of discovering the requested

18  documents other than directly from the Defendants.

19  IV.  <u>DEFENDANTS' RESPONSE TO DISCOVERY DISPUTE NO. 1:</u>

20      Defendants oppose Plaintiffs' request for the Internal

21  Affairs Division investigation into this incident and for

22  the personnel files of the individually-named Defendant

23  police officers on the following grounds:

24      1.    <u>Internal Affairs Division investigation into this</u>

25  <u>incident (IA No. 96-329C)</u>.

26      The Internal Affairs Division investigation into a

27  plaintiff's complaint is ordinarily discoverable and

28  frequently provided to plaintiff's counsel by the Office of

 1   the City Attorney without a court order.  However, the

 2   Internal Affairs investigation in this case should not be

 3   treated as an ordinary investigation, but instead should be

 4   treated as undiscoverable, privileged material prepared

 5   solely in anticipation of this litigation.  The Internal

 6   Affairs investigation was not triggered by a direct

 7   complaint by Plaintiffs to the San Diego Police Department;

 8   it was begun upon request of the City's Risk Management

 9   Department after receipt of Plaintiffs' Administrative Claim

10   Against the City.  Plaintiffs' claim is a mandatory

11   prerequisite to a civil lawsuit against the City and was, in

12   fact, attached to Plaintiffs' complaint on file with this

13   Court.  The Internal Affairs investigation was done solely

14   in response to Plaintiffs' initiation of this lawsuit.

15   Furthermore, during the course of the Internal Affairs

16   investigation, Plaintiffs' attorney refused to allow

17   Plaintiffs to be interviewed; the result was that only the

18   five individually-named Defendant police officers were

19   interviewed.  Consequently, the only contents of the

20   Internal Affairs investigative report are those interviews

21   and the documents concerning the search of Plaintiffs'

22   apartment, all of which have been previously provided to

23   Plaintiffs.  Three of the five police officers have already

24   been deposed, and the other two will be produced for

25   deposition upon request.  Given the facts that the Internal

26   Affairs investigation was instituted solely in response to

27   Plaintiffs' initiation of litigation, that Plaintiffs

28   refused to cooperate in the investigation, and that all of

1  the officers are available for deposition, it would be

2  unfair to Defendants to now provide Plaintiffs with the

3  Internal Affairs investigative report into this incident.

4  The litigation privilege clearly should attach to the

5  requested report.

6      2.   <u>Personnel files of the Defendant police officers</u>.

7      Plaintiffs also request each individually-named

8  officer's personnel history, including previous Internal

9  Affairs investigations involving the officer, employee

10 performance reports and evaluations, and personnel history

11 statements, ostensibly to "show motive, opportunity, intent,

12 preparation, plan, knowledge or absence of mistake" in

13 committing the alleged constitutional violations claimed in

14 this case.  Defendants object to Plaintiffs' request for the

15 officers' personnel files.  Despite their claim otherwise,

16 Plaintiffs' request is a typical "fishing expedition" into

17 Defendants' personal lives under the guise of a <u>Monell</u> claim

18 when, in reality, Plaintiffs are looking for "dirt" on the

19 officers, <u>i.e.</u>, irrelevant, inadmissible character evidence.

20 Nothing in an officer's personnel file is admissible in a

21 case like this, but attorneys continue to request, and

22 sometimes receive, this information.  Plaintiffs should be

23 prevented from prying into the officers' personal lives and

24 instead be limited to relevant information regarding this

25 incident--the officers' training records, the records of

26 this particular incident and any relevant previous

27 *complaints of incidents similar to this one.  Those records*

28 (except any previous Internal Affairs investigations, to be

21130047                          -8-

1 discussed below) have already been voluntarily produced, or

2 will be produced upon request, to Plaintiffs.  The other

3 irrelevant and inadmissible evidence in the officers'

4 personnel files should be restricted.  No personal,

5 irrelevant information should be disclosed to Plaintiffs,

6 especially in a case like this involving undercover police

7 officers whose identities must be protected.  The officers'

8 safety, privacy and confidence in the police department's

9 ability to keep their private lives private clearly

10 outweighs the Plaintiffs' interest in prying into the

11 officers' personal lives in quest of inadmissible character

12 evidence about the officers.

13      As to previous Internal Affairs investigations

14 involving the officers, Defendants understand that previous,

15 similar complaints against the officers may be relevant to

16 Plaintiffs' <u>Monell</u> claim against the City, and do not object

17 to this Court's <u>in camera</u> review of Internal Affairs

18 investigations into any such complaints.  However,

19 Defendants do object to Plaintiffs' blanket request for such

20 information.  Any information released by this Court must be

21 limited to complaints and investigations relevant to the

22 issues in dispute in this particular case.  The facts in

23 this case are as follows: After receiving a citizen's

24 complaint about drug sales at Plaintiffs' apartment, Officer

25 Brogdon utilized a reliable confidential informant to

26 purchase rock cocaine from the apartment.  Brogdon then

27 swore out an affidavit and obtained from a San Diego

28 Municipal Court judge a warrant to search Plaintiffs'

1   apartment.  The warrant was served by the five

2   individually-named Defendant police officers.  The only

3   force used in serving the warrant was a show of firearms,

4   including an automatic machine gun used by Officer

5   Zimmerman.  Once Plaintiffs were handcuffed, and the

6   apartment secured, no further force was necessary or

7   utilized.  The search proved fruitless, no arrests were

8   made, and the officers left the apartment within one hour of

9   arriving.  Those facts must form the parameters upon which

10  this Court conducts its _in camera_ review of the requested

11  files.  Previous investigations involving unrelated types of

12  incidents or dissimilar conduct should not be released.

13        Furthermore, if this Court is inclined after its _in_

14  _camera_ review to release any relevant information to

15  Plaintiffs regarding similar prior incidents involving any

16  of the officers, Defendants request (1) that only the names

17  and addresses of previous complaining parties and witnesses

18  be released, and (2) that no records of investigative

19  conclusions or discipline imposed on the officers be

20  released.  A long line of state court cases dealing with

21  police personnel records maintained pursuant to state law

22  have limited the release of information of prior Internal

23  Affairs investigations to the names and addresses of

24  possible witnesses only (_see_, _e.g._, _Pitchess v. Superior_

25  _Court_, 11 Cal. 3d 531 (1974); _Carruthers v. Municipal Court_,

26  110 Cal. App. 3d 439 (1980); _Kevin L. v. Superior Court_, 62

27  Cal. App. 3d 823 (1976)).  The Internal Affairs files to be

28  produced to this Court are maintained pursuant to the state

21130047                          -10-

1  law interpreted in those cases; it is respectfully requested

2  that this Court follow that lead and limit discovery in this

3  case accordingly.

4      As to any conclusions reached or discipline imposed in

5  any Internal Affairs investigations, Defendants contend that

6  such information is irrelevant and inadmissible in this

7  case.  The jury during trial of this matter will be asked to

8  make its own conclusions as to the propriety of the

9  officers' actions.  The Court will instruct the jury as to

10  the law that must govern its deliberations.  To have

11  evidence of conclusions reached by other bodies under

12  different standards (i.e., administrative police regulations

13  and procedures) and discipline imposed pursuant to different

14  systems (i.e., Civil Service Commission rules and

15  procedures) will confuse the jury as to its role as the

16  ultimate decision-maker in this case.  The fact that

17  discipline was imposed and/or the conclusory bases for such

18  discipline is irrelevant, prejudicial, confusing and

19  inadmissible.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

21130047                           -11-

1   V.   MEET AND CONFER STATEMENT AS TO DISPUTE NO. 1:

2           Despite repeated attempts by the parties' counsel to

3   informally resolve these issues, including the sharing of a

4   privilege log, no agreement can be reached without the

5   Court's assistance.

6   Dated: *1-16-98*

7                                    Barry J. Tucker,
                                     Attorney for Plaintiffs
8

9   Dated: *1/16/98*

10                                   Francis M. Devaney,
                                     Deputy City Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1



**Pillsbury**

**Madison &
Sutro LLP**

ATTORNEYS AT LAW
101 WEST BROADWAY SUITE 1800
SAN DIEGO, CALIFORNIA 92101-8219
TELEPHONE: (619) 234-5000  FAX: (619) 236-1995
Internet:  pillsburylaw.com

Writer's direct dial number / email:
(619) 544-3370

November 12, 1997

Francis M. Devaney
Deputy City Attorney
Civil Division
1200 Third Avenue, Suite 1200
San Diego, CA  92101-4184

> Re:  De La Cruz et al. v. City of San Diego, et al. United States District
> Court Case No. 97 CV 0111J (POR)

Dear Frank:

Thank you for your letter of October 15, 1997.  In addition to the Internal Affairs investigation of this case, identified as No. 96-329C, we request production of the various items listed in the addendum to this letter.  The items pertain to the privilege log you provided on October 15, 1997 of the records of each individually named police officer in the above-entitled matter.

Additionally, we would like to confirm that all information in the privilege log is current.  For example, according to the privilege log Officers Brogdon and Zuniga have had no performance reports or reviews in 1997, while Officers Finch, Nicklo and Zimmerman all have had performance reports or reviews this year.

Francis M. Devaney
November 12, 1997
Page 2


Please review the enclosed information and let me know how you would like to proceed from here so we can obtain the requested documents as soon as possible.

Very truly yours,

Barry J. Tucker

Encl.

**ADDENDUM REGARDING PRIVILEGE LOG OF INDIVIDUALLY NAMED
DEFENDANT POLICE OFFICERS IN THE MATTER OF
DE LA CRUZ, ET AL. V. CITY OF SAN DIEGO, ET AL.
UNITED STATES DISTRICT COURT CASE NO. 97 CV011J (POR)**

<u>NAME</u>

<u>Officer Michael Brogdon, I.D. #3757</u>

<u>San Diego Police Department, Internal Affairs Division</u>

| <u>Date of Incident</u> | <u>IA#</u> |
|---|---|
| 07/15/94 | 94-355 |

<u>San Diego Police Department, Division File</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 12/23/96 | Performance Review |

<u>San Diego Police Department, Personnel File</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 05/24/86-12/23/96 | Employee Performance Reports |

<u>City of San Diego Personnel Department</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 05/21/86 | Employee Evaluation |
| 08/21/86 | Employee Evaluation |
| 11/21/86 | Employee Evaluation |
| 11/22/87 | Employee Evaluation |
| 03/22/88 | Employee Performance Report |
| 06/22/88 | Employee Performance Report |
| 09/22/88 | Employee Performance Report |
| 12/22/88 | Employee Performance Report |
| 12/22/89 | Employee Performance Report |
| 12/23/90 | Employee Performance Report |
| 12/23/91 | Employee Performance Report |
| 12/23/92 | Employee Performance Report |

| | |
|---|---|
| 12/23/94 | Employee Performance Report |
| 12/23/95 | Employee Performance Report |
| 12/23/96 | Employee Performance Report |

NAME

Officer Robert Finch, I.D. #3404

San Diego Police Department, Internal Affairs Division

| Date of Incident | IA# |
|---|---|
| 04/20/95 | 95-256 |

San Diego Police Department, Division File

| Date | Name |
|---|---|
| 06/19/97 | Performance Review |

San Diego Police Department, Personnel File

| Date | Name |
|---|---|
| 04/04/83-06/19/97 | Employee Performance Reports |

City of San Diego Personnel Department

| Date | Name |
|---|---|
| 04/26/83 | Employee Evaluation |
| 06/01/83 | Employee Evaluation |
| 06/29/83 | Employee Evaluation |
| 07/27/83 | Employee Evaluation |
| 09/19/83 | Employee Evaluation |
| 12/19/83 | Employee Evaluation |
| 12/20/88 | Employee Performance Report |
| 06/19/91 | Employee Performance Report |
| 06/19/94 | Employee Performance Report |
| 06/19/95 | Employee Performance Report |
| 06/19/96 | Employee Performance Report |
| 06/19/97 | Employee Performance Report |

<u>NAME</u>

<u>Officer Robert Nicklo, I.D. #3738</u>

<u>San Diego Police Department, Internal Affairs Division</u>

| <u>Date of Incident</u> | <u>IA#</u> |
|---|---|
| 01/27/93 | 93-044 |
| 10/23/93 | 93-501 |
| 06/22/93 | 93-541 |
| 09/07/94 | 94-480 |
| 12/14/94 | 95-182 |
| 06/19/96 | 96-256 |

<u>San Diego Police Department, Division File</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 10/02/96 | Performance Review |

<u>San Diego Police Department, Personnel File</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 03/30/86-10/02/96 | Employee Performance Reports |
| 04/04/83-06/19/97 | Employee Performance Reports |

<u>City of San Diego Personnel Department</u>

| <u>Date</u> | <u>Name</u> |
|---|---|
| 03/26/86 | Employee Evaluation |
| 06/26/86 | Employee Evaluation |
| 09/26/86 | Employee Evaluation |
| 01/01/88 | Employee Performance Report |
| 07/01/88 | Employee Performance Report |
| 10/01/88 | Employee Performance Report |
| 10/02/89 | Employee Performance Report |
| 10/02/90 | Employee Performance Report |
| 10/02/91 | Employee Performance Report |
| 10/02/92 | Employee Performance Report |
| 10/15/92 | Employee Performance Report |

| | |
|---|---|
| 10/02/93 | Employee Performance Report |
| 10/02/96 | Employee Performance Report |

NAME

Officer Shelley Zimmerman, I.D. #3463

San Diego Police Department, Internal Affairs Division

| Date of Incident | IA# |
|---|---|
| 06/19/96 | 96-256 |

San Diego Police Department, Division File

| Date | Name |
|---|---|
| 11/21/96 | Performance Review |
| 03/15/97 | Performance Review |
| 06/15/97 | Performance Review |

San Diego Police Department, Personnel File

| Date | Name |
|---|---|
| 04/25/86 | San Diego Police Department Personnel History Statement |
| 04/25/86 | Memorandum Re Penal Code Section 11166 Child Abuse Reporting Requirement |
| 04/24/87-06/15/97 | Employee Performance Reports |

City of San Diego Personnel Department

| Date | Name |
|---|---|
| 10/04/88 | Employee Performance Report |
| 04/24/90 | Employee Performance Report |
| 04/25/91 | Employee Performance Report |
| 04/25/92 | Employee Performance Report |
| 07/29/94 | Employee Performance Report |
| 12/05/96 | Employee Performance Report |
| 03/15/97 | Employee Performance Report |
| 06/15/97 | Employee Performance Report |

NAME

Officer Elijah Zuniga, I.D. #4734

San Diego Police Department, Internal Affairs Division

| Date of Incident | IA# |
|---|---|
| 12/18/92 | 92-783 |
| 11/06/93 | 93-533 |
| 08/11/94 | 94-398 |
| 08/22/94 | 94-421 |
| 11/04/94 | 94-549 |
| 12/08/94 | 94-588 |
| 07/10/94 | 95-040 |
| 12/21/94 | 95-054 |
| 04/15/95 | 95-203 |
| 07/09/95 | 95-522 |
| 04/29/96 | 96-201 |
| 05/03/96 | 96-224 |
| 06/03/96 | 96-239 |
| 08/27/96 | 96-344 |
| 03/21/97 | 97-115 |

San Diego Police Department, Division File

| Date | Name |
|---|---|
| 09/29/96 | Performance Review |
| 11/29/96 | Performance Development Plan |

San Diego Police Department, Personnel File

| Date | Name |
|---|---|
| 08/15/94 | Notice of Reprimand for Preventative Category 1 Police Equipment Accident |
| 06/06/94 | Supervisor's Investigative Report concerning three preventable Category 1 accidents |
| 09/21/91-09/09/96 | Employee Performance Reports |

City of San Diego Personnel Department

| Date | Name |
| --- | --- |
| 09/21/91 | Employee Performance Report |
| 12/21/91 | Employee Performance Report |
| 03/21/92 | Employee Performance Report |
| 03/22/93 | Employee Performance Report |
| 09/29/94 | Employee Performance Report |
| 09/30/95 | Employee Performance Report |
| 09/29/96 | Employee Performance Report |

21120451

EXHIBIT 2



**Pillsbury**

**Madison &
Sutro LLP**

ATTORNEYS AT LAW
101 WEST BROADWAY SUITE 1800
SAN DIEGO, CALIFORNIA 92101-8219
TELEPHONE: (619) 234-5000  FAX: (619) 236-1995
*internet:  pillsburylaw.com*

Writer's direct dial number / email:
(619) 544-3370

August 25, 1997

Francis M. Devaney
Deputy City Attorney
Office of the City Attorney
Civil Division
1200 Third Avenue, Suite 1200
San Diego, CA  92101-4184

     Re:  Arevalo De La Cruz v. City of San Diego
     U.S. District Court Case No.  97-CV-0111J (POR)

Dear Frank:

     This letter follows up on Plaintiff's requests for the personnel and internal affairs documents and information concerning the officers involved in the above matter.[1]

     Although you did not formally produce a privilege log with respect to the assertion of the official information privilege as to the above requests, you ostensibly have identified the requested information as being located in the officers' respective personnel files and in the internal affairs investigation (including the internal affairs division tape-recorded interviews and the report prepared) of the incident.  However, you have not detailed what documents are contained in these files so that we may determine what information is relevant to the issues raised in the complaint.

---

1  The requests generally concern anything relating to the training, conduct, performance or evaluation of the officers involved in the incident.  They also concern any and all records, complaints or other documents concerning the officers involved which relate to their use of excessive force, aggressive conduct, false arrest, improper arrest procedures, improper use of force, improperly obtaining or executing upon a search warrant, use of <u>any</u> improper procedures, or any other complaints by any person or entity about the officers involved.

SAN DIEGO LOS ANGELES NEW YORK ORANGE COUNTY SACRAMENTO SAN FRANCISCO SILICON VALLEY WASHINGTON, D.C. HONG KONG TOKYO

Francis M. Devaney
August 25, 1997
Page 2

        In an effort to clarify the issue, Plaintiff is <u>not</u> seeking information or documents
concerning the officers' medical histories, emergency contact forms, personal and family data,
payroll or pension plans or other salary information, or the identities of unrelated third parties
(e.g., the names of individuals arrested by the SDPD).

        However, Plaintiff is seeking and is entitled to information related to the allegations of
the complaint, and to the extent the personnel and internal affairs files contain information on
the issues of credibility, notice to the employer, ratification by the employer, motive of the
officers, any other instances of misconduct, and policies of hiring, training, supervision and
control of SDPD officers, then the information is discoverable.

        Please also provide me with available dates for the deposition of Officer Brogdon to
be taken before September 26, 1997 (when the confidential settlement statements are due).

        I look forward to hearing from you.

                                        Very truly yours,

                                        Barry J. Tucker

Francis M. Devaney
August 25, 1997
Page 3


bcc: David M. Logan, Esq.

21091870

EXHIBIT 2

LESLIE E. DEVANEY
ANITA M. NOONE
LESLIE J. GIRARD
SUSAN M. HEATH
GAEL B. STRACK
  ASSISTANT CITY ATTORNEYS
FRANCIS M. DEVANEY
  DEPUTY CITY ATTORNEY

OFFICE OF
# THE CITY ATTORNEY
CITY OF SAN DIEGO

Casey Gwinn
CITY ATTORNEY

CIVIL DIVISION
1200 THIRD AVENUE, SUITE 1200
SAN DIEGO, CALIFORNIA 92101-4184
TELEPHONE (619) 533-5800
FAX (619) 533-5847

November 21, 1997

Barry J. Tucker, Esq.
Pillsbury, Madison & Sutro LLP
101 W. Broadway, Suite 1800
San Diego, CA 92101

Dear Barry:

De La Cruz, et al. v. City of San Diego, et al.
United States District Court Case No. 97CV0111J (POR)

As I explained in my November 19, 1997, voice-mail message to you, I am constrained and prohibited by statute and by the policies of this office and the San Diego Police Department from voluntarily providing you with copies of the documents requested in your November 12, 1997, letter in the above-entitled matter. Please, therefore, prepare a Joint Statement of Disputed Discovery Issues listing the requested documents and plaintiffs' factual and legal bases in support of production of those documents; leave a blank for defendants' response in opposition to production and I will insert our arguments. We can then submit the statement and request an in-camera review of the documents.

Thank you for your courtesy and cooperation. I look forward to hearing from you soon.

Sincerely yours,

CASEY GWINN, City Attorney

By _____
Francis M. Devaney
Deputy City Attorney

FMD:kjk:Civ.

L:\DEVANEY\97-0111\LETTER\TUCKER.L07